| | |
|---|---|
| DENVER COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>(303) 606-2300 | DATE FILED<br>May 30, 2025 2:24 PM<br>FILING ID: 40613363D6951<br>CASE NUMBER: 2025CV31943 |
| **Plaintiff: MICHAEL THOMPSON**<br><br>**v.**<br><br>**Defendant: HOME DEPOT USA, INC., d/b/a THE HOME DEPOT** | **∆ COURT USE ONLY ∆** |
| *Attorneys for Plaintiff:*<br>Brian Hugen, Reg. No. 40688<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone Number: (303) 214.7925<br>Fax Number: (303) 865-5666<br>Email: BrianH@ramoslaw.com | Case No.:<br><br>Courtroom: |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

The Plaintiff, Michael Thompson, through his attorneys, RAMOS LAW, submits the following Complaint for Damages against the Defendant Home Depot USA, Inc., d/b/a The Home Depot, as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Michael Thompson is a resident of the State of Colorado and resides at 470 Sioux Trail, Hartsel, Colorado 80449.

2. The Defendant Home Depot USA, Inc. is a Delaware corporation with its principal place of business at 2455 Paces Ferry Rd., Atlanta, GA 30339.

3. Home Depot USA, Inc. does business as The Home Depo.

4. Home Depot USA, Inc. does business in the State of Colorado and sufficient contacts with the State of Colorado for personal jurisdiction. The registered agent to accept service of process for Home Depot USA, Inc. is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, CO 80120.

5. Pursuant to C.R.C.P. 98(c)(1), venue is proper in this Court because the Defendant Home Depot USA, Inc. is a nonresident of the State of Colorado and the matter may be tried in the county designated in the Complaint.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates all prior paragraphs as if fully stated herein.

7. Defendant Home Depot USA, Inc. ("Home Depot") owns and was responsible for the inspection, safety and maintenance of the area in front of the entrance to its store located at 5215 Wadsworth Boulevard, Arvada, CO 80002 ("the Property").

8. On June 13, 2023, the Plaintiff was walking in front of the entrance to the Property when he slipped on wet paper and fell to the ground.

9. As a result of his fall, the Plaintiff sustained significant and permanent injuries.

## FIRST CLAIM FOR RELIEF
**(Premises Liability)**

10. The Plaintiff incorporates all prior paragraphs as if fully stated herein.

11. On June 13, 2023, Home Depot owned and was responsible for the inspection, safety, maintenance and upkeep of the walkway where the Plaintiff was injured.

12. On June 13, 2023, the Plaintiff was an "invitee" of Home Depot, as defined by C.R.S. §13-21-115, and of the area where the Plaintiff fell. The Plaintiff entered and remained on the Property in response to Home Depot's expressed or implied representation that the public is requested, expected or intended to enter or remain.

13. On June 13, 2023, Home Depot was a "landowner," as defined by C.R.S. §13-21-115, of the walkway where Plaintiff fell, and was responsible for the maintenance, safety, inspection and condition of the walkway located on the Property.

14. Home Depot, through its agents and employees, knew, or as a person or entity using reasonable care, should have known, that the walkway where the Plaintiff fell, with wet slippery paper on the ground, created a danger of injury to the public.

15. Home Depot failed to reasonably inspect and remove the slippery condition, and failed to reasonably warn of the danger prior to the Plaintiff's injury.

16. Home Depot had a nondelegable duty to use reasonable care in maintaining, inspecting and removing dangerous conditions on the Property and is vicariously liable for the actions or inactions of any other contractor which may have contributed to the Plaintiff's fall.

17. As a sole, direct and proximate cause of Home Depot's failure to use reasonable care to protect against the dangers on the property as described above, the Plaintiff sustained serious and permanent bodily injuries, past and future economic damages, past and future noneconomic damages, and past and future physical impairments damages.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

18. The Plaintiff incorporates all prior paragraphs as if fully stated herein.

19. In the alternative, should it be determined that Home Depot was not a "landowner" as defined by C.R.S. §13-21-115, the Plaintiff asserts a negligence claim against the Defendant Home Depo.

20. Home Depo had a duty to use reasonable care to prevent dangerous conditions being present on the Property and in the area where the Plaintiff fell.

21. Home Depo failed to use reasonable care to prevent dangerous conditions from being present on the Property and in the area of the Plaintiff's fall.

22. As a sole, direct and proximate cause of Home Depot's failure to use reasonable care to prevent dangerous conditions from being present on the Property, the Plaintiff sustained serious and permanent bodily injuries, past and future economic damages, past and future noneconomic damages, and past and future physical impairments damages.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against the Defendant Home Depot in an amount to be determined at trial for all economic damages, non-economic damages and physical impairment damages allowed by law, plus costs allowed by law, pre- and post-judgment interest and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL MATTERS SO TRIABLE**.

Respectfully submitted this 30th day of May, 2025.

RAMOS LAW

*_/s/ Brian Hugen_*
Brian Hugen, Esq.
*Attorneys for Plaintiff*

*Plaintiff's Address*:
470 Sioux Trail
Hartsel, Colorado 80449



Exhibit 1